Service Copy

RECEIVED
MAR 2 6 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

BRAD BOUTIN, INDIVIDUALLY AND AS ADMINISTRATOR OF ~~THE~~ ESTATE OF HIS MINOR CHILD, ~~CHRISTIAN~~ BOUTIN

VERSUS

NEWFIELD EXPLORATION COMPANY, GRASSO PRODUCTION MANAGEMENT, INC., ESSI CORPORATION OF LOUISIANA, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY

: SUIT NUMBER: 84455 DIV. E

: 15TH JUDICIAL DISTRICT COURT

: VERMILION PARISH

: STATE OF LOUISIANA

**PETITION FOR DAMAGES**

The Petition of Brad Boutin, individually and as administrator of the estate of his minor child, Christian Boutin, of full age, residents of and domiciled in Lafayette Parish, Louisiana, respectfully represent:

**6:07-CV-0567 LO**
**JUDGE MELANCON**
**MAGISTRATE JUDGE HILL**

I.

The following parties are made defendants herein:

A. **NEWFIELD EXPLORATION COMPANY**, A Delaware corporation with its principle place of business in Houston, Texas but which is authorized to do and/or doing substantial business in Louisiana and within this parish.

B. **GRASSO PRODUCTION MANAGEMENT, INC.**, alleged on information and belief to be a foreign corporation authorized to do and/or doing substantial business in Lafayette, Louisiana and within this parish, whose Registered Agent for Service, E. H. Underwood, III, 4605 Industrial Drive, New Iberia, Louisiana 70560;

C. **ESSI CORPORATION OF LOUISIANA**, alleged on information and belief to be a Louisiana corporation authorized to do and/or doing substantial business in Lafayette, Louisiana and within this parish, whose Registered Agent for Service, Carl Duhon, 905 Jefferson Street, Suite 501, Lafayette, Louisiana;

D. **ABC INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana and within this parish;

E. **DEF INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana and within this parish;

F. **GHI INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana and within this parish.

2.

Plaintiffs show that Christian Boutin (born January 29,1998) is Brad Boutin's child. Plaintiffs show that Christian Boutin was at all pertinent times, including the date of the accident sued upon, living with Brad Boutin and his current wife Samantha D. Boutin.

3.

On or about September 20, 2006 at or about 9:30 a.m., plaintiff was aboard a satellite platform in East Cameron Block 286-A approximately 80 miles south of Vermilion Parish.

4.

The purpose of Brad Boutin's visit to satellite platform East Cameron, 286-A was to bring that platform on line and, in addition, to allow an employee of ESSI Corporation of Louisiana (who was within the course and scope of his employment for ESSI Corporation at the time of these events) to replace fog horns and navigational lights which had been earlier damaged by Hurricane Katrina and/or Hurricane Rita.

5.

Because of the negligence of defendants herein, plaintiff Brad Boutin was sent to the platform to perform these services without adequate manpower and/or adequate equipment.

6.

In order for plaintiff to be able to do the job assigned to him, a section of grating in the center of the platform was removed.

7.

Because of the inadequacy of the design of the platform and equipment located on the platform, during the course of the removal of the section of the platform flooring, the section fell through the hole to the deck below.

8.

Plaintiffs show that Brad Boutin then placed a metal barricade over the hole to protect him against accidentally falling into the hole. That barricade was provided on the platform by Newfield Exploration Company and/or Grasso Production Management, Inc. and was manufactured or

constructed by or at the behest of one of those defendants.

9.

Plaintiffs show that in order to complete the job which he was assigned to complete with the employee of ESSI Corporation of Louisiana, it was necessary to remove tools from a tool chest located in close proximity of the hole in the flooring of the deck of the platform. As plaintiff was opening the doors to get the equipment needed from the tool cabinet, he stepped back against the barricade which moved and allowed him to fall through the hole and land on the deck below causing him serious, permanent and disabling injuries.

10.

Plaintiffs show that accident and resulting injuries and damages sued upon were the direct and proximate result of the negligence and fault of the defendants herein which negligence and fault is listed more particularly, but not exclusively as follows:

A. Liability for the defective, unreasonably dangerous and negligent design and construction of the platform where the accident occurred, including but not limited to:

1. Its failure to have a reasonably safe way to remove grating and transfer equipment from one level of the platform to the another;

2. The location of the tool cabinet in close proximity to where the grating would necessarily have to be removed;

3. Other items of negligent design and construction which will be show or through discovery or at trial;

4. Generally, the failure of this platform in all other respects to be safely and adequately designed and constructed.

B. Liability of the defendants in failing to properly inspect, recognize and correct the defects, deficiencies and hazzards on this platform;

C. Liability for the defective, unreasonably dangerous and negligent design and construction of the barricade placed on the platform and which was in use at the time of the accident sued upon;

D. Liability for failing to supply adequate manpower for the plaintiff Brad Boutin to do his assigned job safely;

E. Liability of ESSI Corporation of Louisiana in failing to supply an adequate number

of properly trained personnel for the assigned job to be done safely;

F. Other acts of negligence or fault which may be shown through discovery at trial;

G. Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.

11.

Plaintiffs show that as a result of the aforementioned negligence and fault, Brad Boutin suffered catastrophic, devastating and permanently disabling and debilitating injuries which include, but are not limited to, paraplegic, in which entitle plaintiff Brad Boutin to recover the following non-exclusive listing of damages:

A. Past and future medical and related expenses;

B. Past and future lost earnings and impairment to earning capacity;

C. Physical injury, pain and suffering;

D. Permanent physical disability;

E. Mental anguish and distress;

F. Loss of enjoyment of life;

G. Other items of damage which may be shown through discovery at trial.

12.

Plaintiffs show that Brad Boutin's daughter Christian Boutin is entitled to recover loss of society and consortium damages flowing from the physical and mental injuries suffered by Brad Boutin.

13.

Plaintiffs show that ABC Insurance Company had in full force and effect at the time of the accident sued upon and at all other pertinent times, a policy of liability insurance insuring defendant Newfield Exploration Company against liability of the nature asserted herein.

14.

Plaintiffs show that DEF Insurance Company had in full force and effect at the time of the accident sued upon and at all other pertinent times a policy of liability insurance insuring defendant Grasso Production Management, Inc. against liability of the nature asserted herein.

15.

Plaintiffs show that GHI Insurance Company had in full force and effect at the time of the

accident sued upon and at all other pertinent times a policy of liability insurance insuring defendant ESSI Corporation of Louisiana against liability of the nature asserted herein.

16.

WHEREFORE plaintiffs Brad Boutin, individually and as administrator of the estate of his minor child, Christian Boutin pray that after due proceedings are had there be judgment in their favor and against defendants, **NEWFIELD EXPLORATION COMPANY, GRASSO PRODUCTION MANAGEMENT, INC., ESSI CORPORATION OF LOUISIANA, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY,** *in solido*, in an amount which is just and reasonable in the premises and for legal interest thereon from date of loss until paid or, alternatively from date of judicial demand until paid and for costs of these proceedings. Plaintiffs also pray for all other relief as may be just and equitable in the premises.

Respectfully submitted this 23 day of February, 2007.

deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ, L.L.P.

By: ______________________________
John W. deGravelles - #04808
618 Main Street
Baton Rouge, Louisiana 70801-1910
Telephone: 225/344-3735
Facsimile: 225/336-1146

TOMENY & FISHER

BY: ______________________________
Frank Tomeny, III - #18031
6709 Perkins Road
Baton Rouge, Louisiana 70808
Telephone: 225/767-8333
Facsimile: 225/767-5947

VERMILION PARISH LA
FILED THIS
2007 FEB 26 P 12: 23
CLERK OF COURT

A TRUE COPY
Attest: ______________________________
Deputy Clerk of Court
Vermilion Parish, La.

**PLEASE SERVE THE FOLLOWING:**

**NEWFIELD EXPLORATION COMPANY**
**Serve Through THE LOUISIANA "LONG-ARM" STATUTE, LA R.S. 13:3201, *ET SEQ.***

**GRASSO PRODUCTION MANAGEMENT**
**Through its Registered Agent for Service**
**E. H. Underwood, III**
**4605 Industrial Drive**
**New Iberia, Louisiana 70560**

**ESSI CORPORATION OF LOUISIANA**
**Through its Registered Agent for Service**
**Carl Duhon**
**905 Jefferson Street**
**Suite 501**
**Lafayette, Louisiana 70506**

**ABC INSURANCE COMPANY**
**Please Hold Service**

**DEF INSURANCE COMPANY**
**Please Hold Service**

**GHI INSURANCE COMPANY**
**Please Hold Service**

VERMILION PARISH, LA.
FILED THIS DAY
2007 FEB 26 P 12:23
CLERK OF COURT