RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/03/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BRAD BOUTIN | CIVIL ACTION NO. 07-0567 |
| VERSUS | JUDGE DOHERTY |
| NEWFIELD EXPLORATION CO., ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 209] filed by defendants Grasso Production Management, Inc. and its insurer, National Union Fire Insurance Company of Pittsburgh, PA (collectively, "Grasso"). In its motion, Grasso argues it owed no duty to the plaintiff, Brad Boutin, because the hole through which Mr. Boutin fell was open and obvious, and because no operational control was retained by Grasso over the work activities of Island Operating Company, Mr. Boutin's employer, under the independent contractor rule.[1] Additionally, Grasso contends the evidence shows Mr. Boutin, as the Lead A operator on the platform in question and the individual in charge of safety, made all decisions on "how to" perform the work on the platform on the date of his accident, and therefore, the "operational control" exception to the independent contractor rule is not applicable.

In response, plaintiff contends Grasso's argument is fundamentally flawed in that Grasso is not a principal to Island, but rather, Grasso and Island are simply parallel independent contractors

---

[1] Under the independent contractor rule, a principal is not liable for the activities of an independent contractor committed in the course of performing its duties under the contract. *See Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 329 (5th Cir. 1987). "However, two notable exceptions exist to this general rule. First, a principal may not escape liability arising out of ultrahazardous activities which are contracted out to an independent contractor. Second, ... a principal is liable for the acts of an independent contractor if he exercises operational control over those acts or expressly or impliedly authorizes an unsafe practice." *Id.* (citations to Fifth Circuit and Louisiana precedent omitted).

of Newfield Exploration Company, the owner/operator of the platform on which plaintiff was injured. As such, plaintiff contends Grasso employees owed to Island employees (including plaintiff Brad Boutin) a duty to act with due care under Article 2315 of the Louisiana Civil Code.[2] Plaintiff contends Grasso violated that duty by the gross negligence of its employee, Field Foreman Kevin Lafleur, who assigned jobs to be performed without an adequate number of qualified personnel to perform the jobs safely and who specifically refused Brad Boutin's request for more qualified manpower to perform those jobs on the date of Mr. Boutin's accident.[3] Alternatively, plaintiff contends even if Grasso were Island's principal, a principal may be liable when (1) the suit arises out of the ultrahazardous activities of its independent contractor, or (2) the principal retains operational control over the independent contractor's acts _**or expressly or impliedly authorizes unsafe practices**_. _**A principal also remains liable for its own acts of negligence**_. See Bartholomew, 832 F.2d at 329; Hawkins v. Evans Cooperage Co., Inc., 766 F.2d 904, 906 (5th Cir. 1985). In the instant case, plaintiff contends in assigning jobs without an adequate number of qualified personnel to perform the jobs safely and in specifically refusing Brad Boutin's request for more qualified manpower to perform those jobs, Kevin Lafleur – and, therefore, Grasso – _**expressly or impliedly authorized unsafe practices**_.

---

[2] In its reply brief, Grasso contends because Mr. Lafleur served as Newfield's representative in the oil and gas field and because plaintiff was required to report to Mr. Lafleur to receive job assignments, Grasso and Island were not "parallel contractors." Grasso provides no jurisprudence or other authority to support its position it is, therefore, a "principal" to Island such that it is immune from liability by virtue of the independent contractor rule.

[3] Thus, plaintiff contends Grasso's argument that it owed no duty to warn of an open and obvious danger, i.e., an open hole, is a "straw man" defense, as plaintiff's theory of liability alleged against Grasso is not based on a condition of the platform, but rather, is based on Grasso's employee's (1) refusing to grant a specific request for additional qualified personnel when he was told and reasonably should have known that doing the jobs he had ordered to be done without qualified personnel created serious safety issues and risk of serious injury; and (2) failing to analyze the work to be done and either organize the work so that it could be done safely or deferring the work until it could be done safely.

Considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court finds the plaintiff's evidence concerning the following alleged facts suffices to demonstrate the existence of a genuine issue of material fact as to whether Grasso expressly or impliedly authorized unsafe practices on the platform on the date of plaintiff's accident:

- Plaintiff testified he told Grasso Field Foreman Kevin Lafleur he was shorthanded and could not safely do the job assignments ordered with the men that he had and he would need more qualified people to do all of the assigned jobs safely.

- Plaintiff testified he specifically told Mr. Lafleur he was shorthanded to do the job of installing the new foghorn – the job plaintiff was doing when he was injured – while also bringing on a new platform, another job that was assigned.

- Plaintiff testified he specifically told Mr. Lafleur that Mr. Lafleur "needed to stay out [offshore] and help us since we were shorthanded." Mr. Lafleur refused, as it was his day to go home.

Plaintiff argues had the appropriate qualified personnel been assigned to do the various jobs that were assigned that day, as requested by the plaintiff and refused by Mr. Lafleur, the plaintiff would not have had to participate in the replacement of the foghorn at all and would not have been injured. Considering the foregoing, even if this Court were to assume Grasso was a principal – a fact that is neither factually nor legally supported by the movant, Grasso – there remain genuine issues of material fact concerning the issues of whether Grasso is guilty of any acts of negligence, itself and whether Grasso expressly or impliedly authorized unsafe practices on the platform on the date of plaintiff's accident – issues which are in dispute as are the facts underlying those issues.

Therefore, for the foregoing reasons, Grasso's Motion for Summary Judgment [Doc. 209] is DENIED in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __2__ day of November, 2009.

*[signature]*
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 11/3/09
BY ____
TO RFD