RECEIVED

JAN 11 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BRAD BOUTIN | CIVIL ACTION NO. 07-0567 |
| VERSUS | JUDGE DOHERTY |
| NEWFIELD EXPLORATION CO., ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is the Motion for Reconsideration [Doc. 302] filed by plaintiff Brad Boutin. Plaintiff seeks reconsideration of this Court's December 10, 2009 ruling denying plaintiff's motion for extension of the *Daubert* motion deadline, currently set on December 10, 2009 [Doc. 301], and seeking permission to file an out-of-time *Daubert* motion.[1] In the instant motion, which is unopposed,[2] plaintiff explains the testimony sought to be excluded in the attached *Daubert* motion is the testimony of Grasso's liability expert, Hayden Groth.[3] Plaintiff argues the deposition of Mr. Groth was scheduled and noticed to take place on December 18, 2009 at a time when the deadline for *Daubert* motions was December 30, 2009. However, after the deposition was scheduled and noticed, this Court moved the *Daubert* motion deadline up to December 10, 2009. Counsel for plaintiff asserts he did not remember the circumstances of this particular situation at the time the Court conducted the December 10, 2009 status conference to address plaintiff's motion for

---

[1] Plaintiff essentially withdrew the motion for extension after the Court explained that the current trial date and pre-trial conference date would not allow for the late filing of any *Daubert* motions. Therefore, the motion for extension was denied as moot.

[2] In the instant motion, plaintiff asserts he has "contacted counsel for Defendant Grasso and intervenor LWCC and neither party has an objection to the granting of this motion."

[3] According to plaintiff, Mr. Groth is a "Certified Safety Professional."

extension, and, therefore, seeks reconsideration of the Court's ruling. Plaintiff has attached his proposed *Daubert* motion to the instant motion for reconsideration.

After consideration of the argument of the plaintiff, the Motion for Reconsideration [Doc. 302] is GRANTED, and this Court will permit the filing of the proposed out-of-time *Daubert* motion concerning Mr. Groth's testimony.

Notwithstanding the foregoing, plaintiff's "Motion to Limit Certain Aspects of Defendant's Expert's Testimony Through Motion in Limine" is DENIED. Plaintiff has provided no legal support for his argument that in order to give an expert opinion about the cause of an accident, the expert in question must be qualified to consider *all* of the possible causes of that accident. In its broadest sense, such a rule would be akin to a rule that a medical expert in the area of neurology could not testify *at all* if he was not qualified to testify about orthopedics, if, in fact, both neurology and orthopedics were involved in the injury. This is not the law.

To the extent Mr. Groth testified he cannot opine as to a particular area of potential liability, Mr. Groth will not be allowed to testify as to that particular area. To the extent Mr. Groth's inability to testify to one potential aspect of cause impacts his overall opinion as to the cause of the accident, that is a matter to be handled by counsel on cross-examination. To the extent the entire opinion of Mr. Groth is undercut by his inability to testify as to one potential aspect of cause, and plaintiff is seeking to exclude the entirety of Mr. Groth's testimony, that is a matter that is not before the Court, inasmuch as plaintiff seeks to limit only "certain aspects" of Mr. Groth's testimony.

Considering the foregoing,

IT IS ORDERED that plaintiff's Motion to Limit Certain Aspects of Defendant's Expert's

Testimony Through Motion in Limine is DENIED, pursuant to the foregoing discussion.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 8 day of January 2010.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE